**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

MATTHEW WIGGINS,

     Plaintiff,

v.                                                                    No. 1:21-cv-0670 KWR/DLM

T. HATCH, Warden, *et al.*,

     Defendants.

                            *Consolidated with* No. 1:22-cv-0279-KWR/DLM

MATTHEW WIGGINS,

      Plaintiff,

v.

FNU LNU, *et al*.,

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On September 9, 2024, United States Magistrate Judge Damian L. Martínez filed a Proposed Findings and Recommended Disposition ("PFRD") recommending that Defendants' Motion to Dismiss and Motion for Partial Summary Judgment be granted and Plaintiff's case be dismissed. Doc. 111.

The PFRD notified the parties of their ability to file objections within 14 days and that failure to do so waived appellate review. *Id.* Plaintiff submitted three filings on September 23, 2024, and one on September 27, 2024, which the Court will consider as timely-filed Objections. *See* Docs. 113-116.

The Court notes that Plaintiff has failed to file specific objections challenging the PFRD or explaining how Judge Martínez erred in the PFRD. Objections must be "both timely and specific" to be preserved for review by a district court. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (expressly holding that failure to file specific objections waives review by *both* the district court and appellate court). "[T]he filing of objections ... enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," and only objections that clearly "focus the district court's attention" on the central disputes will be considered. *Id.* at 1059-1060. Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are also deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Here, Plaintiff's objections generally do not explain how the PFRD erred, or how Judge Martínez erred in his recommendation.

Rather, Plaintiff asserts as follows:

(1) He did not receive a copy of an order granting Defendants an extension of time to file the *Martinez* report and he receives filings long after they are filed. Plaintiff claims that what the Court interpreted as a request for a filing restriction on Defendants, Doc. 111 at 30, was merely a request that he be given time to read and respond to filings because he receives them late. However, Plaintiff received multiple opportunities to properly serve Defendants, Docs. 37–53, and the PFRD itself demonstrates that the Court considered each of his filings, no matter when he filed them. Plaintiff did not assert he needed more time to adequately respond and was denied that opportunity, and the Court has considered all of his numerous filings. Accordingly, it is unclear on what basis he alleges the Court erred.

(2) The Court advocated on Defendants' behalf in the PFRD.  The Court disagrees and sees no advocacy on a party's behalf.

2

(3) He has evidence he will present on appeal, but has apparently not produced to the district court. The fact that he may present unidentified evidence on appeal is not a ground to reject a PFRD.

(4) The PFRD erred recommending dismissal of his complaint because he filed his arguments late. The Court disagrees. The PFRD does not recommend disposition of *any* claims on the basis of timeliness. The Court mentions that his halal meals claim was denied as untimely, (Doc. 111 at 11), but recommends dismissal of that claim for failure to exhaust the issue (*Id.* at 15–16.)

(5) Summit Defendants did not file an answer or respond to any filings. The Court disagrees. Summit Defendants *were* ordered to file an Answer, which they did. Docs. 54; 61. Additionally, they *were* ordered to state whether and to what degree they joined the NMCD Motion, which they did. Docs. 86; 92. It is otherwise unclear to what Plaintiff refers in claiming that Summit Defendants did not answer. He, therefore, failed to show the PFRD was erroneous in declining to enter default judgment. Doc. 111 at 31.

(6) The Court is biased in favor of Defendants based on the circumstances of the initial dismissal of his case. Docs. 113–115. The Court disagrees. The Court dismissed Plaintiff's case for failing to pay the filing fee. *See* Docs. 10, 11. After it was discovered that his payment was not properly credited to this case, the Court reopened the case, an action which was in Plaintiff's favor. The Court finds that these circumstances do not demonstrate bias by the undersigned. *See* Letter to Plaintiff by Clerk's Office, Doc. 24; Order Reopening Case, Doc. 25

(7) A separate case in this district, (23-cv-246), demonstrates he satisfied the *Heck* requirement discussed in the PFRD. Docs. 113 at 5; 114 at 3; 115 at 1. The Court disagrees. Plaintiff claims that a separate civil case in this district, 23-cv-246, demonstrates he was found to

be innocent and falsely accused of rape. Doc. 114 at 3; *R. W. v. State of New Mexico, et al.,* 23-cv-246 (D.N.M). In that case, an inmate filed a complaint alleging, inter alia, that NMCD defendants were deliberately indifferent to the inmate's health and safety because Mr. Wiggins raped him. *See* 23-cv-246, Doc. 1. The exhibits to the *Martinez* Report filed for court review only show that the inmate is the same one whom Plaintiff was convicted in 2022 of having raped. *See* Doc. 71-3 at 2 (NMCD-0110). As an initial matter, this is the first time Plaintiff has raised that argument in this matter, so it is waived. *See Hinzo*, 2013 WL 1657915, at *2 ("Issues raised for the first time in objections to the magistrate judge's [PFRD] are deemed waived."). Alternatively, Plaintiff misunderstands the Orders dismissing that case. The first Memorandum Opinion dismissed the complaint without prejudice for failure to plead facts demonstrating NMCD was aware of, but nevertheless deliberately indifferent to, Plaintiff's dangerousness. *See R.W. v. State of New Mexico, et al.,* 23-cv-246, Doc. 11 at 4–5 (D.N.M.). The second Memorandum Order dismissed the case, without prejudice, for failure to amend it by the deadline the Court had granted. *R.W. v. State of New Mexico, et al.,* 23-cv-246; Doc. 13. In other words, the Court dismissed that case for failure to plead sufficient facts to state a claim against NMCD Defendants, and the decision had no bearing on the underlying rape conviction. More importantly, Plaintiff's reference to 23-cv-246 does not demonstrate that he successfully challenged the 2022 rape conviction, let alone the conviction for the March 2021 Incident, in the pending state habeas proceedings, which the PFRD highlighted is a prerequisite for bringing his claim. *See* Doc. 111 at 19–21.

(8) The Court did not address his religious discrimination claims in the PFRD. The Court disagrees, as the PFRD clearly addressed his religious discrimination claims. Doc. 111 at 15–16, 21–23. As to his Muslim Pastoral visit component, Plaintiff does not present any argument or specific objection, but to the extent his generalized claim challenges the PFRD, he does not

demonstrate the PFRD is erroneous. As to the halal meals component of his claim, he argues it is unexhausted because the NMCD Defendants failed to process the claim (Doc. 114), but the Court addressed that claim in the PFRD. Doc. 111 at 15–16. His argument does not show the PFRD is erroneous.

(9) The Court failed to take his factual allegations as true for the purpose of ruling on the motion to dismiss. *See* Doc. 116. The Court disagrees and concludes that this objection lacks specificity. Plaintiff generally asserts this objection but does not specifically point to which factual allegations in his complaint the Court failed to consider as true, or how the failure to consider those facts as true led to the dismissal of his case. Moreover, this matter was partially before the Court on a summary judgment motion. At the summary judgment stage, even *pro se* parties are required to support their factual assertions with citations to admissible evidence, and the Court is not required to search the record for a party. Fed. R. Civ. P. 56(a), (c).[1] Here, Plaintiff in general does not specifically dispute Defendants' asserted summary judgment facts, or cite to evidence in support of his disputes. Fed. R. Civ. P. 56; D.N.M.LR-Civ. 56.1.

(10) The Court erred in declining to appoint him pro bono counsel in this § 1983 action. The Court disagrees. As explained in the PFRD, there is no right to counsel in a § 1983 action. Doc. 111 at 28-29. Although the Court may request the voluntary assistance of counsel after considering several factors, Plaintiff has failed to demonstrate how the PFRD's recommendation against appointing counsel was erroneous. *Id.*

The majority of these objections do not address the PFRD's analysis or recommendation.

---

[1] *Pro se* parties are required to follow the same rules of procedure as other parties.  *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994), *citing Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994) (citing several cases for principle that *pro se* parties must comply with same procedural rules that govern all other litigants).

Generally, these arguments do not explain or show that the PFRD erred and are otherwise not well taken. Moreover, some of these arguments were raised for the first time in his objections, were not presented to the magistrate judge, and are therefore waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Alternatively, pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of the record and the PFRD. The Court finds no reason either in law or fact to depart from Judge Martínez's proposed recommendations and findings and will adopt the conclusions memorialized in the PFRD. Doc. 111. The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS THEREFORE ORDERED:**

1.    The Magistrate Judge's PFRD (Doc. 111) is **ADOPTED**;

2.    Defendants' Motion to Dismiss in Part and Motion for Partial Summary Judgment (Doc. 73) is **GRANTED**;

3.    Petitioner's Amended Complaint is:

   a.    **DISMISSED WITHOUT PREJUDICE** as to the following: his religious discrimination claim as it relates to halal meals and all claims against Defendants Hatch, Frazier, Jackson, and Jones;

   b.    **DISMISSED WITH PREJUDICE** as to Plaintiff's request for compensatory damages except as to the March 2021 Incident; claims for injunctive relief against individual-capacity Defendants; claims for money damages against official-capacity Defendants; Plaintiff's challenge to the NMCD grievance policy.

4.    Summary judgment is **GRANTED** in Defendant's favor and **DISMISSED**

**WITHOUT PREJUDICE** as to Plaintiff's claims related to the March 2021 Incident and 2022 rape disciplinary convictions and **DISMISSED WITH PREJUDICE** as to Plaintiff's religious discrimination claim related to Muslim pastoral visits.

5.    Plaintiff's motions requesting miscellaneous relief be **DENIED**. Docs. 82–83; 93–94; 97–100.

6.    Plaintiff's motions filed in the member case are **DENIED** and that case is **DISMISSED** as ordered above for the reasons stated in the PFRD. 1:22-cv-0279, Docs. 30; 32.

6.    A final judgment is entered concurrently with this order.

**IT IS SO ORDERED.**

    /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE